UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| MICHAEL C. BEUMER ) | |
| ) | |
| v. ) | NO. 2:11-CV-361 |
| ) | *Collier/Carter* |
| DR. DANE LEE, NURSE PARSONS, ) | |
| DR. DORLEY, NURSE DAVIS, NURSE ) | |
| HUMPHREYS, and NURSING STAFF AT ) | |
| NECX ) | |

**MEMORANDUM**

Acting *pro se*, Michael C. Beumer, Inmate No. 39905, who is presently confined in the Whiteville Correctional Facility in West Tennessee, brings this civil rights action under 42 U.S.C. § 1983, against various medical care providers at two other state prisons, [Court File No. 2]. Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).

The custodian of Plaintiff's inmate trust account at the facility where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in his account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been

paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the facility where Plaintiff is now imprisoned and to Tennessee Department of Correction Commissioner Derrick D. Schofield to ensure compliance with the above fee-assessment procedures.

Plaintiff maintains he was denied medical care in violation of his right under the Eighth Amendment not to be subjected to cruel and unusual punishment.  He states his claim as follows:

> "1) On August 4th, 2011, I Michael C. Beumer fell in my cell at NECX and the First Nurse that saw me was Nurse Humphreys and she told me to walk from the door to the back of the cell and I done so and she said that she was not going to sign me up to see anybody at all!  2) The second nurse that saw me was Nurse Parsons and she said that she was not going to sign me up to see anybody either.  3) The third nurse that saw me was Nurse Davis and she signed me up to see the M.D. and the M. D. was Dr. Dane Lee and he did not do any X-rays (illegible) and did not check me out at all.  So when I got to CBCX I seen Dr. Dorley M.D. and he did X-rays." Compl. at 4, ¶4.

The complaint now must be screened to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In performing this task, however, the Court must bear in mind *pro se* pleadings filed in civil rights cases are construed indulgently and held to a less stringent standard than formal pleadings drafted by lawyers.  *McNeil v. United States*, 508 U.S. 106, 113 (1993);

---

[1]  Payments should be mailed to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

Case 2:11-cv-00361-CLC-WBC   Document 9   Filed 03/13/12   Page 2 of 4   PageID #: 52

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment, however, does not entitle an inmate "to demand specific care. [An inmate] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Fasc. v. Chapel*, 468 F.2d 1072, 1076 (6th Cir. 1972) (The Eighth Amendment does not require every request for medical care made by prisoner to be honored.). As long as the treatment actually afforded an inmate squares with constitutional standards, he has no right to demand second opinions, a certain physician, or a particular treatment. *Estelle*, 429 U.S. at 106-07; *McCracken v. Jones*, 562 F.2d 22 (10th Cir. 1977).

Be that as it may, there are two elements in an Eighth Amendment claim: an objective one, which requires a plaintiff to show a "sufficiently serious" deprivation, and a subjective one, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*. However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact the victim happens to be a prisoner does not transform it into a constitutional violation. *Estelle*, 429 U.S. at 106.

The gravamen of Plaintiff's complaint is more should have been done to diagnose or treat him to forestall his back pain, including ordering X-rays earlier than was done in his case. Unfortunately for Plaintiff, his allegations do not state a claim for constitutional medical mistreatment.

Here, by Plaintiff's own allegations, he was seen by three nurses and two physicians—one of whom ordered X-rays. At best, his contentions sound in state tort law of medical negligence, but no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated. *Id.* at 105-06. Thus, Plaintiff fails to state a claim for relief under § 1983. *See Westlake*, 537 F.2d at 860 n.5.

Accordingly, this action will be dismissed by separate order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, because the dismissal of this action renders **MOOT** all pending motions, they are **DENIED**, [Court File Nos.5,7].

**ENTER**:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**